UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**AMIR JONES,**

      Plaintiff,

v().                                                  Case No.
                                                     Hon.

**ROMEO MANAGEMENT GROUP, LLC**
**d/b/a PUFF Cannabis Company,**

      Defendant.
_____/

SOMMERS SCHWARTZ, P.C.
Jenna H. Sheena (P84645)
Tad T. Roumayah (P74081)
Attorneys for Plaintiff
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 355-0300
jsheena@sommerspc.com
troumayah@sommerspc.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Amir Jones ("JONES"), by and through her attorneys, Sommers Schwartz, P.C., and for her Complaint against Defendant, Romeo Management Group, LLC d/b/a PUFF Cannabis Company (hereinafter referred to as "PUFF"), states as follows:

1

## PARTIES

1. Plaintiff, JONES, is an individual who resides in the City of Madison Heights, Oakland County, State of Michigan.

2. Defendant, PUFF, is incorporated in the State of Michigan and maintains its principal place of business in the City of Madison Heights, Oakland County, State of Michigan.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they originate from the same facts that form the basis of her federal claims.

5. This Court has personal jurisdiction over Defendant because Defendant conducts business within the state of Michigan and employed Plaintiff and other individuals within the state of Michigan.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this District, conducts business in this District, and the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## **GENERAL ALLEGATIONS**

7. JONES is a thirty-one-year-old hardworking woman and mother to an infant.

8. JONES began her employment with PUFF on December 16, 2021 as its Budtender.

9. In this position, JONES earned $18.00 per hour.

10. At all times, JONES performed her position in an exemplary manner.

11. PUFF never provided JONES with any write-ups, warnings, or discipline.

12. While at PUFF, JONES reported to Savanna Melodia (Store Manager) and Jason Hamama (Chief Operating Officer).

13. In summer 2022, JONES learned that she was pregnant with her first child.

14. JONES promptly notified Puff of her pregnancy.

15. On December 22, 2022, JONES reported to work feeling ill due to her pregnancy.

16. As a result, JONES requested to work in the back of the establishment, rather than be on the sales floor for the day.

17. However, Ms. Melodia told JONES to go home based on her condition.

18. As JONES was preparing to leave, she ran into Mr. Hamama and informed him of her ongoing illness from her pregnancy.

19. Significantly, JONES told Mr. Hamama that she had been hospitalized twice in the past month due to her pregnancy and requested to begin her maternity leave early because she was suffering from pregnancy-related health conditions.

20. Mr. Hamama informed JONES that she could begin her maternity leave early.

21. Thus, JONES began her maternity leave that day (December 22, 2022).

22. However, that same day, JONES received a text message from Mr. Hamama indicating that staff members were claiming that JONES had resigned her employment.

23. JONES dispelled this rumor and informed Mr. Hamama that she intended to return to her position following the birth of her child.

24. On December 27, JONES called Ms. Melodia and shared that she had began her maternity leave, which Mr. Hamama confirmed on December 22, 2022.

25. Nevertheless, Ms. Melodia accused JONES of "violating the chain of command" by speaking to Mr. Hamama about her maternity leave.

26. Ms. Melodia then stated "We don't really offer . . . maternity leave. So you're more than welcome to come back and see if we have a position..."

4

27. JONES then asked, "So you guys don't offer [leave under the Family & Medical Leave Act]?"

28. Ms. Melodia curiously responded, "No we can't do that it's not federally legal."

29. JONES continued to express her intent to return to work after the birth of her child. However, Ms. Melodia responded that PUFF could not hold her position open, and that PUFF would not offer FMLA.

30. At the end of the phone call, JONES inquired if she was still employed by PUFF. Ms. Melodia responded, "No."

31. On January 15, 2023, Ms. Melodia reached out to JONES and indicated that PUFF had accepted her resignation.

32. Ms. Melodia stated that the basis for JONES' alleged resignation was a text message JONES sent to an employee group chat on December 22, 2022 wherein JONES informed her coworkers it was her "last day."

33. However, when this statement by JONES is viewed in context, it is clear that JONES meant that this was her "last day" before maternity leave, and not her "last day" of work at PUFF.

34. Nowhere in the text message from JONES did she ever state that she quitting, resigning, or otherwise was voluntarily separating her employment at PUFF.

5

35. On March 27, 2023, JONES filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

36. On February 23, 2024, the EEOC mailed JONES her order of dismissal and Right to Sue Letter.

## COUNT I: PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

## AND

## COUNT II: PREGNANCY DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

37. JONES incorporates Paragraphs 1 through 36 of this Complaint.

38. Title VII of the Civil Rights of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), 42 U.S.C. § 2000e(k), prohibits PUFF from discriminating against JONES because of or on the basis of pregnancy, childbirth, or related medical conditions, as discrimination "because of sex." 42 U.S.C. § 2000e(k).

39. The Michigan Elliott-Larsen Civil Rights Act prohibits discrimination on the basis of sex, which includes but is not limited to, pregnancy, childbirth, or medical conditions related to pregnancy or childbirth. MCL § 37.2201(d).

40. JONES is a protected individual under the PDA and ELCRA.

41. In summer 2022, JONES became pregnant with her first child and notified PUFF of the same.

42. At all times, JONES was qualified for her job at PUFF.

43. JONES advised PUFF she required hospitalization due to her pregnancy.

44. JONES' hospital visits and re-occurring pregnancy related illness qualify as "related medical condition[s]" to pregnancy.

45. JONES was subjected to an adverse employment decision when PUFF terminated her on December 27, 2022.

46. There is a causal nexus between JONES' pregnancy and PUFF's adverse employment decision.

47. PUFF violated JONES' civil rights under the PDA by discriminating against her because of or on the basis of pregnancy, and retaliating against JONES for engaging in protected activity under the PDA in the following respects:

   a. Terminating JONES' employment.

   b. Discriminating against JONES with respect to the terms, conditions, or privileges of employment including, but not limited to, taking adverse employment action against and ultimately firing JONES because of her pregnancy.

   c. Treating JONES differently than employees who were not pregnant.

48. PUFF's reason(s) for its adverse employment decisions was pretextual in nature.

49. PUFF knowingly and deliberately engaged in intentional acts of discrimination and violations of the PDA and further, acted with malice and/or with reckless disregard to JONES' rights under the PDA.

50. As a direct and proximate result of PUFF's adverse actions, JONES has suffered damages, including but not limited to loss of past and future income and employee benefits, physical injuries, mental anxiety and emotional distress, and loss of professional reputation.

WHEREFORE, Plaintiff, Amir Jones, requests that this Court enter its Judgment against Defendant, Romeo Management Group, LLC d/b/a PUFF Cannabis Company in whatever amount is shown to be established by proofs in this cause, together with lost wages, benefits, compensatory damages, mental and emotional distress damages, punitive damages, interest, costs, and attorney fees, as well as any equitable relief shown to be established by the proofs in this cause.

**COUNT III: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *ET SEQ*. – INTERFERENCE**

51. JONES incorporates Paragraphs 1 through 36 of this Complaint.

52. JONES was an "eligible employee" under the FMLA.

53. PUFF is an "employer" under the FMLA.

54. It is unlawful under the FMLA for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

55. The FMLA provides an employee with up to 12 weeks of leave for a serious health condition. 29 U.S.C. § 2612(a); 29 CFR 825.112(a)(1) – (6), .200(a).

56. JONES provided PUFF with adequate notice of her need for leave pursuant to the FMLA.

57. PUFF interfered with JONES' FMLA rights by advising it was "not federally legal" for the company to offer her FMLA.

58. PUFF interfered with JONES' FMLA rights terminating her employment on the day she inquired about FMLA leave.

59. PUFF knowingly and willfully engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to JONES' rights under the FMLA.

60. As a direct and proximate result of PUFF's adverse actions, JONES suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

WHEREFORE, Plaintiff requests that this Court enter its Judgment against Defendant in whatever amounts of damages is shown to be established by the proofs in this cause, together with lost wages, lost benefits, compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C. § 2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

## COUNT IV: VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 *ET SEQ* – RETALIATION

61. JONES incorporates Paragraphs 1 through 36 of this Complaint.

62. JONES was an "eligible employee" under the FMLA.

63. PUFF is an "employer" under the FMLA.

64. It is unlawful under the FMLA for an employer to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a).

65. PUFF knowingly and willfully engaged in intentional violations of the FMLA and further, acted with malice, and/or with reckless indifference to JONES' rights under the FMLA.

66. PUFF's violations of the FMLA included, but were not limited to, terminating JONES' employment immediately after she requested an FMLA leave.

67. As a direct and proximate result of PUFF's adverse actions, JONES has suffered damages, including but not limited to loss of past and future income and loss of employee benefits.

WHEREFORE, Plaintiff requests that this Court enter its Judgment against Defendant in whatever amount of damages is shown to be established by the proofs in this cause, together with lost wages, lost benefits, compensatory damages, liquidated damages, interest, costs, and attorney fees in accordance with 29 U.S.C.

§ 2617(a)(3) as well as any equitable relief shown to be established by the proofs in this cause.

SOMMERS SCHWARTZ, P.C.

*/s/ Jenna H. Sheena*
Jenna H. Sheena (P84645)
Attorneys for Plaintiff
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 355-0300

Dated:     May 1, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**AMIR JONES,**

      Plaintiff,

v.                                          Case No.
                                            Hon.

**ROMEO MANAGEMENT GROUP, LLC**
**d/b/a PUFF Cannabis Company,**

      Defendant.
_____/

SOMMERS SCHWARTZ, P.C.
Jenna H. Sheena (P84645)
Tad T. Roumayah (P74081)
Attorneys for Plaintiff
One Towne Square, Suite 1700
Southfield, Michigan 48076
(248) 355-0300
jsheena@sommerspc.com
troumayah@sommerspc.com
_____/

## DEMAND FOR TRIAL BY JURY

      NOW COMES Plaintiff, Amir Jones, by and through her attorneys, Sommers Schwartz, P.C., and hereby demand a trial by jury relative to the above matter.

                                                  SOMMERS SCHWARTZ, P.C.

                                                  */s/ Jenna H. Sheena*
                                                  Jenna H. Sheena (P84645)
                                                  Attorneys for Plaintiff
                                                  One Towne Square, Suite 1700
                                                  Southfield, Michigan 48076

Dated:      May 1, 2024                      (248) 355-0300